# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

EUNICE BISONG NKONGHO,

    Petitioner,

v.                                             Case No. 1:23-cv-00327
                                                 (Consolidated with
                                                 Case No. 1:23-cv-00133)

WARDEN, FPC Alderson,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

These consolidated matters are assigned to the Honorable David A. Faber, Senior United States District Judge, and are referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Petitioner's Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Case No. 1:23-cv-00133, ECF No. 1; Case No. 1:23-cv-00327, ECF No. 1) and Respondent's Motion to Dismiss (Case No. 1:23-cv-00327, ECF No. 17).

    I.      RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While incarcerated at the Federal Prison Camp at Alderson, West Virginia, Petitioner filed these two petitions for a writ of habeas corpus under 28 U.S.C. § 2241 seeking application of Federal Earned Time Credit ("FTC") under the First Step Act of 2018. The Court consolidated the two matters, with Case No. 1:23-cv-00327 being the lead case and all further documents being docketed therein. Respondent responded to

the petitions, asserting that Petitioner had not fully exhausted the required administrative remedies and further contending that Petitioner's FTC credit had been correctly calculated. (ECF No. 15). Petitioner filed a reply brief asserting that she had fully exhausted the available administrative remedies and disputing that her FTC was correctly calculated. (ECF No. 16). However, as asserted in Respondent's subsequent Motion to Dismiss (ECF No. 17), Petitioner was released from BOP custody on September 7, 2023, so Petitioner's petition is now moot.

## II. DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody without any collateral consequences under the circumstances presented; thus, this court cannot grant her requested relief.

## III. RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to her release from BOP custody. Accordingly, it is

respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 17), **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Case No. 1:23-cv-00133, ECF No. 1 and Case No. 1:23-cv-327, ECF No. 1), and dismiss these matters from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED** in each above-referenced civil action, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to Petitioner at her last known address, and transmit a copy to counsel of record.

May 14, 2024

Dwane L. Tinsley
United States Magistrate Judge